# MIKE WALSH d/b/a RED HEAD SALES OF ST. CROIX, Plaintiff

v.

# EDWARD J. GERRITS, INC., BAYSIDE RESORTS, INC., Defendants

Civil No. 1988/258

District Court of the Virgin Islands

Div. of St. Croix

October 21, 1988

LEE J. ROHN, ESQ. (LAW OFFICE OF LEE J. ROHN), St. Croix, V.I., *for plaintiff*

SCOTT SILVERLIGHT, ESQ. (NICHOLS, NEWMAN & SILVERLIGHT), St. Croix, V.I., *for defendant, Edward J. Gerrits, Inc.*

THOMAS K. MOORE, ESQ., St. Thomas, V.I., *for defendant, Bayside Resorts, Inc.*

O'BRIEN, *Chief Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiff Mike Walsh filed a motion for a writ of prejudgment attachment with the filing of the complaint. Section 251 of title 5, V.I. Code Ann. (1967) authorizes the Clerk of Court to issue the writ. The statute, however, is unconstitutional on its face for its total failure to safeguard the defendant's due process rights. North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601 (1975); Mitchell v. W. T. Grant Co., 416 U.S. 600 (1974); Fuentes v. Shevin, 407 U.S. 67 (1972); Sniadach v. Family Finance Corp., 395 U.S. 337 (1969). The Supreme Court has held in the above cases that due process requires that the defendant be afforded notice and opportunity for a hearing and participation of a judicial officer, when his property is seized. Our local statute completely ignores

118

fourteenth amendment principles of due process.

The premises considered, now therefore it is

ORDERED:

THAT plaintiff's motion for a writ of prejudgment attachment is DENIED.